**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GARY L. OVERSTREET,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner,<br>Social Security Administration,<br><br>                Defendant. | Case No. 06-CV-628-FHM |

**ORDER**

Plaintiff, Gary L. Overstreet, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's August 20, 2003, protectively filed, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") James D. Jordan was held March 13, 2006. By decision dated June 6, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on October 11, 2006. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born June 17, 1956, and was 46 years old on the alleged onset date. He has a high school education and formerly worked as truck driver, concrete and asphalt worker, janitor, sandblaster and banquet worker.  He claims to have been unable to work since February 3, 2003, as a result of neck and back pain, left-sided weakness, depression, anxiety and a seizure disorder.  The ALJ determined that Plaintiff's depression did not constitute a severe impairment and that Plaintiff retained the residual functional capacity (RFC) to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 2 hours in an 8-hour workday, with some environmental restrictions; and sit up to 6 hours in an 8-hour workday. [R. 18].  These restrictions leave Plaintiff unable to perform his past relevant work.  Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that the ALJ: failed to properly address significant evidence in assessing Plaintiff's RFC; erred in finding Plaintiff could perform other work;

2

and failed to support the credibility determination. The Court holds that the case must be REVERSED and REMANDED for further proceedings.

A consultative psychological examination was performed by Mark Koenen, MD on December 18, 2003. [R. 166-171]. Dr. Koenen determined Plaintiff had the following limitations related to his mental impairments:

> The claimant does have the ability to perform simple and repetitive tasks. However, detailed and complex tasks would likely be somewhat difficult for him, due to his difficulties with focus and concentration that were readily apparent during the interview. The claimant would likely require special additional supervision fore [sic] returning to work for this reason.
>
> The claimant's depression would at least moderately impair his ability to interact with coworkers and the public, and would probably prevent him from maintaining regular attendance in the workplace at the present time, or complete a normal workday.

[R. 171]. Based on Dr. Koenen's assessment the Psychiatric Review Technique form completed by the Disability Determination Unit (DDU) psychologists reflected that Plaintiff has no restrictions of activities of daily living, <u>moderate</u> limitations in maintaining social functioning, and <u>moderate</u> limitations in maintaining concentration, persistence or pace. [R. 229, 231]. Although the ALJ mentioned that Plaintiff was evaluated by Dr. Koenen, he did not mention the restrictions Dr. Koenen and the DDU examiners found to exist. In contrast to these evaluations, the ALJ found Plaintiff's limitations in the aforementioned functional categories to be <u>mild</u>. In making those findings the ALJ stated: "the record contains no evidence that the claimant's reported depression imposed more than minimal restrictions on his ability to perform activities of daily living or work related activities." [R. 17-18]. That statement is not accurate as demonstrated by Dr. Koenen's evaluation. Since

the ALJ's assessment of the functional limitations resulting from Plaintiff's mental condition is based on an inaccurate statement of the evidence in the record, the decision must be reversed. The Commissioner's brief completely failed to address Plaintiff's contention that the ALJ ignored Dr. Koenen's findings. Therefore the argument that the case should be affirmed because the Plaintiff is merely inviting the Court to reweigh the evidence is rejected.

The record also contains a letter from Plaintiff's treating physician which relates Plaintiff's need to secure less stressful employment. [Dkt. 159]. Another treating physician's record relates that Plaintiff's foot drop and chronic left-sided weakness "make[s] it very difficult or impossible for him to work." [Dkt. 179]. The ALJ's decision makes no mention of these records, which clearly contain treating physician comments on Plaintiff's functional abilities.

The ALJ also failed to perform an adequate credibility analysis. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990). Credibility determinations, however, cannot be based on intangible or intuitive reasons, but "must be grounded in the evidence and articulated in the determination or decision." Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4; *see also Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." (internal quotation marks omitted)). While the ALJ is not required to make a "formalistic factor-by-factor recitation of the evidence," he is required to set forth

the specific evidence relied upon in evaluating Plaintiff's credibility.  *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

The evidence the ALJ relied upon for his credibility determination is not accurate. The ALJ stated that Plaintiff's treating physician's did not place any functional restrictions on his activities that would preclude work activity within the ALJ's RFC finding. [R. 20]. However, since the ALJ did not mention the limitations in Dr. Koenen's evaluation [R. 171], the letter from Plaintiff's treating physician relating Plaintiff's need to secure less stressful employment, [Dkt. 159], or the note concerning Plaintiff's foot drop and chronic left-sided weakness "mak[ing] it very difficult or impossible for him to work," [Dkt. 179], the Court cannot evaluate the basis for the ALJ's conclusion that these limitations do not preclude work at the RFC assigned by the ALJ.  Furthermore, although the medication side-effect of sleepiness is mentioned throughout the medical record and throughout Plaintiff's testimony, [R. 61, 76, 96, 100, 108, 162, 262, 266, 313], the ALJ makes no mention of it. Medication side-effects are among the specifically listed considerations the ALJ is required to address in making a credibility determination.  *See Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir. 1987), 20 C.F.R. 404.1529(c)(3), 20 C.F.R. 416.929(c)(3).

Based on the foregoing analysis, the decision of the Commissioner must be REVERSED and the case REMANDED for further proceedings.

SO ORDERED this 5th day of October, 2007.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

5